IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

KAREN L.,[1]                          §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §
                                      §    Civil Action No. 1:25-CV-00171-BU
FRANK BISIGNANO,                      §
Commissioner of Social Security,      §
                                      §
        Defendant.                    §
                                      §

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's appeal of the Social Security Administration's denial of Disability Insurance Benefits (DIB). For the reasons below, the Court AFFIRMS the decision of the Commissioner of Social Security denying Plaintiff's application for DIB.

## I. JURISDICTION

The Court has subject matter jurisdiction under 42 U.S.C. § 405(g) because Plaintiff seeks judicial review of the final decision of the Commissioner. Venue is proper in the Northern District of Texas, Abilene Division, because Plaintiff resides in Callahan County, Texas. Dkt. No. 1 at 1; 42 U.S.C. § 405(g). The undersigned has the authority to enter this Order and exercise the full authority of this Court after the parties consented to the under-signed exercising jurisdiction. Dkt. Nos. 8, 10; Special Order No. 3-350 (N.D. Tex. Sept. 11, 2023).

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

1

## II.  FACTUAL BACKGROUND

Plaintiff alleges a disability that began on October 8, 2021. Dkt. No. 12 at 1; Administrative Record, Dkt. No. 11-1 (Tr.) at 34.[2] On the date last insured, Plaintiff was fifty-two years old. Tr. at 43. Plaintiff has achieved a high school education through tenth grade, and has prior work experience as a certified nursing assistant. Dkt. No. 12 at 5.

Plaintiff filed a Title II application for DIB on or around June 17, 2022. Dkt. No. 12 at 1; Tr. at 34. The Social Security Administration denied her claim on April 27, 2023, and again upon reconsideration on April 4, 2024. Tr. at 34. On October 9, 2024, Administrative Law Judge (ALJ) Sherrill Carvalho held a hearing regarding Plaintiff's application. Tr. at 34. After reviewing her applications and the information presented at the hearing, the ALJ determined Plaintiff was not disabled and denied her benefits on November 12, 2024. Dkt. No. 12 at 1–2; Tr. at 34–35. Plaintiff appealed this decision to the Appeals Council (AC) which affirmed the ALJ's denial of benefits. Dkt. No. 12 at 3.

### A.  Overview of ALJ's Decision

The ALJ conducted a hearing to review the denial of Plaintiff's application and determine whether she was disabled under the Act. Shortly after this hearing, the ALJ determined that Plaintiff was not disabled. In doing so, the ALJ made the following findings: (1) Plaintiff met the insured status requirements of the act through September 30, 2023; (2) Plaintiff had not engaged in substantial gainful activity since October 8, 2021; (3) Plaintiff suffered the following severe impairments: lumbar spine degenerative disk disease, high

---

[2] Plaintiff initially alleged a disability beginning on January 1, 2019; the alleged onset date was amended during the hearing before the Administrative Law Judge. *Id.*

cholesterol, obesity, and depressive disorder; and (4) none of these impairments, alone or in combination, met or medically equaled the severity of one of the listed impairments in the Social Security Regulations. Tr. at 36–37.

Considering these impairments, the ALJ determined that Plaintiff had a residual functioning capacity (RFC) to perform light work, with the following limitations:

> lift/carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8-hour workday; stand/walk for 4 hours in an 8-hour workday; a sit/stand option that allows the claimant to change positions from standing to sitting and sitting to standing every hour for one minute; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; frequently balance per the Selected Characteristics of Oc-cupations; and understand, remember, and carry out simple instructions.

Tr. at 38.

Based on Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform any past relevant work. Tr. at 43. However, based on Plaintiff's RFC, age, education, and work experience, along with the testimony of a Vocational Expert (VE), the ALJ concluded that jobs existed in significant numbers in the national economy that she could have performed, and therefore that Plaintiff was not disabled. *Id.* at 44–45.

### III.  LEGAL STANDARDS

To be entitled to Social Security benefits, a claimant must show that they are disa-bled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

Although a claimant bears the burden of establishing whether they meet the requirements for a disability, an ALJ's finding that a claimant has not satisfied their burden must be based on substantial evidence. *See, e.g.*, *Belk v. Colvin*, 648 F. App'x 452 (5th Cir. 2016) (per curiam). And judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S.C. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies their initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

## IV.  DISCUSSION

On appeal, Plaintiff raises three objections to the ALJ's decision. First, Plaintiff argues that the ALJ impermissibly played doctor by implementing mental limitations in her RFC without any medical opinions on the record addressing mental limitations. Dkt. No. 12 at 5–7. Second, Plaintiff argues that the RFC was also not supported by substantial evidence because the ALJ failed to fully develop the record by eliciting medical opinions on

Plaintiff's mental limitations. *Id.* at 9–11. Lastly, Plaintiff argues that the mental limitations in the RFC were not supported by substantial evidence because the medical evidence relied upon was either outdated or not a true medical opinion. *Id.* at 11–13.

While Plaintiff raises several objections, these ultimately amount to a single point of error: that the ALJ did not have sufficient evidence in the record to support her mental RFC limitations, and was thus obligated to further develop the record. "The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefit." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). Failure to do so renders the ALJ's decision not substantially supported; however, remand is appropriate only if the applicant was prejudiced by the ALJ's failure to fully develop the record. *Id.* The Court therefore must examine whether the ALJ (1) satisfied her obligation to fully and fairly develop the facts, and (2) prejudiced Plaintiff by failing to meet said obligation.

**A. The ALJ did not satisfy her obligation to fully develop the record.**

The first issue raised is whether the ALJ fully and fairly developed the facts related to Plaintiff's claim for DIB. Plaintiff argues that the ALJ was required to rely on a medical opinion, rather than merely evidence of a medical condition, to derive the RFC. Dkt. No. 12 at 5–6. Plaintiff further argues that there were no valid medical opinions addressing her mental limitations, and thus that the ALJ was required to order further examination to develop the record. *Id.* at 9–10. Specifically, Plaintiff claims that the ALJ should have ordered a Consultative Examination (CE) to determine how her depressive disorder affected her ability to work. *Id.* at 9–11.

"Usually, the ALJ should request a medical source statement describing the types of

6

work that the applicant is still capable of performing." *Ripley*, 67 F.3d at 557. However, failure to do so does not alone render the record incomplete; courts instead turn their inquiry to whether the ALJ decision is "supported by substantial evidence in the existing record." *Id.* At the same time, an ALJ may not derive an RFC solely from his or her interpretation of medical records; instead, the ALJ must consider the testimony of a medical professional on how the medical condition affects the claimant's ability to work. *Id.* at 557 n.27; *Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003). An ALJ is obligated to order a CE to develop the record only if "the record establishes that such an examination is necessary to enable the [ALJ] to make the disability decision." *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021) (quoting *Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016)).

In short, an ALJ does not need a medical opinion on what types of work the applicant can perform, but *does* need a medical opinion on how the applicant's medical condition affects their ability to work. If the record does not contain such an opinion, the ALJ cannot determine whether the claimant is disabled, and must order a CE to develop the record.

The Court concludes that the mental RFC limitations were not supported by substantial evidence. The record contains three medical opinions: Dr. Loya's October 2020 CE, Dr. Nigalye's March 2023 CE, and Dr. Adamo's state agency consultant report from April 2024. Tr. 42–43, 112.[3] None of these sources provide a medical opinion on how Plaintiff's medical condition affects to her ability to work. Dr. Loya's opinion does not

---

[3] The ALJ also relied upon Plaintiff's self-reported symptoms of depressive disorder, including low energy and poor concentration. Tr. 41. While relevant to Plaintiff's ability to work, the ALJ could not rely solely on these non-medical sources to derive Plaintiff's RFC.

address Plaintiff's alleged disability at all, as the opinion was authored in October 2020—a full year *before* the alleged onset date of October 8, 2021. Tr. 34, 42.[4] Dr. Nigalye's CE also does not address mental limitations, as Plaintiff denied having any mental health symptoms, and Dr. Nigalye's solely physical examination did not produce any discussion of mental limitations. Tr. 43, 470–74. And while Dr. Adamo considered Plaintiff's diagnosis for depressive disorder and the prior CEs, she concluded that there was insufficient evidence to assess any functional limitations related to mental ability. Tr. 42, 109–10. The ALJ specifically noted that this lack of a functional limitations assessment limited the "significant persuasive value" of her opinion. Tr. 42.

Rather than rely on a medical opinion addressing the effect of Plaintiff's symptoms and conditions on her ability to work, the ALJ bases her RFC on Plaintiff's self-reported symptoms—specifically, "deficits with interest, energy, concentration, and task completion." Tr. 41. However, there was contrary evidence in the record, such as examinations reporting normal mental status and a lack of significant mental deficits alleged by Plaintiff. *Id.* Thus, the ALJ concluded that Plaintiff had at most "moderate cognitive limitations[.]" *Id.* But without a medical opinion explaining how Plaintiff's self-reported symptoms affected her ability to work, the ALJ lacked sufficient evidence to derive her RFC.[5] This Court likewise cannot determine that the RFC is substantially supported because the record does not establish the effect of Plaintiff's conditions, "no matter how small," on her ability

---

[4] As noted prior, the alleged onset date was amended during the ALJ hearing; Dr. Loya's opinion would be relevant had the prior onset date of January 1, 2019 been retained. Tr. 34.

[5] *See Ripley*, 67 F.3d at 557 n.27 (concluding that, without "reports from qualified medical experts," the Court could not determine the "effects of [the claimant's] conditions, no matter how 'small'," on his RFC to perform "sedentary work").

to understand and perform simple tasks. *Ripley*, 67 F.3d at 557 n.27.

Because the record did not adequately establish how Plaintiff's mental conditions affected her ability to work, the ALJ lacked sufficient evidence to determine whether Plaintiff was disabled; she was therefore obligated to order a CE to develop the record further. *Webster*, 19 F.4th at 720. The ALJ failed to do so. Thus, the Court concludes that the ALJ failed to meet her duty to fully and fairly develop the record.

### B.  The ALJ did not prejudice Plaintiff by failing to fully develop the record.

Having found that the ALJ did not fully develop the record, the second issue presented is whether Plaintiff was prejudiced as a result. In order to demonstrate prejudice, a claimant must show that, "had the ALJ done [her] duty, [the claimant] could and would have adduced evidence that might have altered the result." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). If the plaintiff fails to identify evidence that would have been adduced and that could have changed the result, the ALJ's decision should not be remanded. *Brock v. Chater*, 84 F.3d 726, 728–29 (5th Cir. 1996).

The Court concludes that Plaintiff was not prejudiced by the ALJ's failure to develop the record because Plaintiff has not identified new evidence that the ALJ would have uncovered. Dr. Adamo's report, which was prepared after considering the prior CEs and Plaintiff's medical history, found insufficient evidentiary support for any mental limitations. Tr. 42, 109–10. In fact, this was the *second* state agency consultation on reconsideration; a prior consultant, Dr. Reddy, also found insufficient evidence to determine Plaintiff's mental limitations. Dkt. No. 12 at 4; Tr. 108–09. Plaintiff has neither identified additional evidence that a consultant could consider nor persuasively argued that the existing evidence would

be sufficient for yet another CE to produce a medical opinion on her mental limitations.

Plaintiff could argue that the CE results themselves would comprise new evidence under the prejudice standard. *See* 20 C.F.R. § 1513(a)(2)–(3) (defining "evidence" as including statements from medical sources on the claimant's work capability, work related limitations, or judgments about impairment severity). However, Plaintiff does not make this argument: instead, Plaintiff argues that "there *likely* would have been opinion evidence" had the ALJ ordered a CE. Dkt. No. 12 at 10 (emphasis added). In this context, the Court concludes that an additional CE does not adduce evidence if it produces the same inconclusive findings as prior examinations; Plaintiff must at minimum argue that the CE would arrive at a definite finding and thus produce actual evidence. Here, Plaintiff does not do so, and thus fails to demonstrate that the ALJ's failure to order a CE prejudiced her.

## V.  CONCLUSION

For the reasons stated above, the decision of the Commissioner denying Plaintiff's application for SSI benefits is AFFIRMED.

ORDERED this 9th day of April 2026.

_____

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

10